# IN RE ATTORNEY GENERAL SUBPOENA RE TERMINIX INTERNATIONAL USVI, LLC

Case No. SX-16-MC-059

Superior Court of the Virgin Islands

Division of St. Croix

August 23, 2016

WILLOCKS, *Administrative Judge*

## MEMORANDUM OPINION

### (August 23, 2016)

**THIS MATTER** comes before the Court on Terminix International USVI, LLC's (hereinafter, "Terminix") petition to quash subpoena or, in the alternative, to adjudicate petitioner's objections thereto, filed on August 9, 2016 (hereinafter, "Petition"). On August 12, 2016, the U.S. Virgin Islands Department of Justice (hereinafter, "Department of Justice") filed a memorandum in opposition to Terminix's Petition (hereinafter, "Opposition").

### BACKGROUND

Terminix is a pest control company organized under the laws of the U.S. Virgin Islands with its principal place of business located in St. Croix, U.S. Virgin Islands. *In re Terminix International USVI, LLC*, 67 V.I. 60, 61 (Super. Ct. 2016). Terminix began operating in the U.S. Virgin Islands on April 1, 2012. *Id.* On April 28, 2016, the U.S. Virgin Islands Attorney General's Office (hereinafter, "Attorney General") issued a subpoena duces tecum to Terminix (hereinafter, "Original Subpoena"). *Id.* The Original Subpoena, issued pursuant to Title 14, Section 612(a) of the Virgin Islands Code, included a list of instructions, special instructions, definitions and documents and information to be provided. *Id.* at 61-62. After being served with the Original Subpoena, Terminix responded with its objections and refused to provide any documents to the Attorney General. *Id.* at 63-64. In response, the Department of Justice filed a petition for enforcement. *Id.* at 64. On July 16, 2016, the Court entered a memorandum opinion and order denying the Department of Justice's petition for enforcement. *Id.* at 69.

On July 19, 2016, the Attorney General issued another subpoena duces tecum to Terminix (hereinafter, "Revised Subpoena"). (Pet., p. 1.) The Revised Subpoena similarly included a list of instructions, special instructions, definitions and documents and information to be provided. (Pet., Exhibit 1.) The Revised Subpoena stated that Terminix is "suspected to have engaged in, or be engaging in, conduct constituting a

civil violation of the Criminally Influenced and Corrupt Organizations Act, 14 V.I.C. § 605, in connection with [Terminix's] conduct to mislead and deceive consumers by misrepresenting and concealing material facts about the dangers and illegality of applying methyl bromide, a restricted-use pesticide, in residential and other unauthorized units in the United States Virgin Islands in violation of Title 14, chapter 41, Virgin Islands Code, relating to fraud and false statements." (*Id.*)

In response to being served with the Revised Subpoena, on August 9, 2016, Terminix responded with its objections (hereinafter, "Objections") and filed this instant Petition. (Pet., Exhibit 2.) In light of its Objections and this Petition before the Court, Terminix did not provide any documents to the Attorney General. (*Id.*)

## DISCUSSION

In its Petition, Terminix argued that the Revised Subpoena failed to overcome the jurisdictional defects and the notice defects under the Criminally Influenced and Corrupt Organizations Act. (Pet., p. 2.) Thus, "[b]ased upon [the Attorney General's] failure to make a credible claim that [Terminix's] alleged conduct falls within [the Criminally Influenced and Corrupt Organizations Act's] purpose or scope, and further based upon [the Attorney General's] issuance of a revised Subpoena that fails to address [Terminix's] previously filed Objections in good faith and to thereby limit the scope of the revised Subpoena," Terminix requested the Court to quash the Revised Subpoena, or in the alternative, adjudicate its Objections. (*Id.*, p. 1-2.) Terminix also requested the Court to hear oral arguments in this matter. (*Id.*, p. 2.) In its Opposition, the Department of Justice argued that there are no jurisdictional defects nor notice defects in the Revised Subpoena and addressed some of the objections raised by Terminix in its Objections. (Opp., p. 4-5.) The Department of Justice requested the Court to deny Terminix's Petition and instead, order Terminix to fully comply with the Revised Subpoena. (*Id.*, p. 8.)

### A. CICO's Scope

█ The Criminally Influenced and Corrupt Organizations Act, Title 14 V.I.C. § 600 *et seq.*[1] (hereinafter, "CICO") defines "criminal activity"

---

[1] Except as otherwise expressly indicated, all sections herein shall be construed to refer to Title 14 of the Virgin Islands Code.

as "engaging in, attempting to engage in, conspiring to engage in, or soliciting, coercing, or intimidating another person to engage in the crimes, offenses, violations or the prohibited conduct as variously described in the laws governing this jurisdiction including any Federal criminal law, the violation of which is a felony and, in addition, those crimes, offenses, violations or prohibited conduct as found in the Virgin Islands Code" as enumerated under Section 604(e). Title 14 V.I.C. § 604(e). Section 612 enables the Attorney General to conduct investigations to determine whether a CICO violation has occurred and if civil and/or criminal proceedings should be commenced. Title 14 V.I.C. § 612. Here, the Revised Subpoena indicated that Terminix is "suspected to have engaged in, or be engaging in, conduct constituting a civil violation of the Criminally Influenced and Corrupt Organizations Act, 14 V.I.C. § 605, in connection with [its] conduct to mislead and deceive consumers by misrepresenting and concealing material facts about the dangers and illegality of applying methyl bromide, a restricted-use pesticide, in . . . United States Virgin Islands in violation of Title 14, chapter 41, Virgin Islands Code, relating to fraud and false statement." (Pet., Exhibit 1.) Title 14, chapter 41 of the Virgin Islands Code, relating to fraud and false statement, is one of the crimes specifically enumerated under Section 604(e). *See* Title 14 V.I.C. § 604(e)(16). Thus, in this instance where the Attorney General suspects Terminix's conduct constitutes a criminal activity that falls within the scope of CICO — namely, fraud and false statement, the Court finds that the Attorney General is authorized to investigate under Section 612 to "determine whether a CICO violation has occurred."

### B. CICO's Notice Requirement

■ The Court previously explained in *In re Terminix International USVI, LLC*, 67 V.I. at 67,

> Any subpoena issued by the Attorney General under Section 612(a) is required to contain, *inter alia*, "the nature of the conduct constituting the suspected violation that is under investigation and the provision of law applicable to it." Title 14 V.I.C. § 612(c). In other words, when the Attorney General issues a subpoena for the production of documents under Section 612, the subpoenaed party should be adequately in-formed of the pending investigation and the nature of the conduct un-

der investigation for suspected violation of CICO. To deprive the party being investigated of such information would be unfair.

As noted above, the Revised Subpoena clearly stated that it is investigating Terminix in connection with "[its] conduct to mislead and deceive consumers by misrepresenting and concealing material facts about the dangers and illegality of applying methyl bromide, a restricted-use pesticide, in . . . United States Virgin Islands in violation of Title 14, chapter 41, Virgin Islands Code, relating to fraud and false statement." (Revised Subpoena, p. 1.) Here, the Court finds that the Attorney General adequately informed Terminix of the pending investigation and the nature of the conduct under investigation for suspected violation of CICO. Accordingly, the Court finds the Revised Subpoena to be compliant with the notice requirement under Section 612(c).

### C. Terminix's Objections to the Revised Subpoena

■ The Attorney General is authorized under Section 612(a) to "subpoena witnesses, compel their attendance, examine them under oath, or to require the production of any books, documents, records, writings, recordings or tangible things (hereinafter referred to as "documentary material") relevant or material to the investigation, for inspection, reproducing, and/or copying." Title 14 V.I.C. § 612(a). "When documentary material is demanded by subpoena, the subpoena shall not contain any requirement that would be unreasonable or improper if contained in a subpoena duces tecum issued by a court in this Territory." Title 14 V.I.C. § 612(d). In sum, when the Attorney General issues a subpoena demanding documentary materials, the required production must be relevant to the investigation and the subpoena must not be unreasonable or improper.

Here, Terminix raised a plethora of general objections and specific objections objecting to the Revised Subpoena's instructions, definitions, and documents and information to be provided. (Pet., Exhibit 2.) The overarching theme of Terminix objections is that the Revised Subpoena is unduly burdensome, unreasonable, and not relevant to the investigation. (*Id.*) In its Opposition, the Department of Justice did not address all the objections raised by Terminix in its Objections. It appears that the

communication between the parties has been minimal since the issuance of the Original Subpoena. (Opp., p. 2-3.)[2]

■ Now that the Court has determined that the Revised Subpoena falls within the scope of CICO and that it satisfied the notice requirement, at this juncture, the Court believes it would be beneficial for the parties to meet and confer in a good faith effort to resolve as many of the discovery disputes as possible with minimal judicial intervention. The Court believes that many of the issues could be eliminated if the parties made sufficient efforts to confer in good faith. For example, the parties could easily address Terminix's objection to the "unreasonable short amount of time in which to respond" to the Revised Subpoena by discussing the logistics and agreeing on a mutually acceptable deadline. Accordingly, the Court will order the parties to meet and confer and thereafter, file a joint notice advising the Court of the remaining unresolved discovery disputes.

## CONCLUSION

Based on the foregoing, the Court will deny the Petition as to Terminix's request to quash the Revised Subpoena. As to Terminix's request to adjudicate its objections, the Court will reserve its ruling until after the parties meet and confer and file a joint notice with the Court. An Order consistent with this Memorandum Opinion will follow.

---

[2] The Opposition provided in relevant part:

5. After the [Original Subpoena] was served, VIDOJ had discussions with Terminix's counsel and was led to believe that Terminix was in the process of complying with the [Original Subpoena] and only needed additional time to comply.

6. Terminix requested, and VIDOJ granted, a two-week extension from May 19 return date to comply with the [Original Subpoena].

7. After being served with the Original Subpoena, Terminix responded with its objections to the [Original Subpoena]. Terminix did not provide any documents in response to the Original Subpoena.

8. After Terminix failed and refused to provide any documents to VIDOJ in response to that subpoena, VIDOJ filed a petition for enforcement dated June 23, 2016.

. . .

13. After the [Revised Subpoena] was served, VIDOJ reached out to Kevin A Rames, counsel for Terminix to inquire how Terminix planned to proceed in response to the [Revised Subpoena]. Mr. Rames said that he was still waiting for instructions from Terminix

14. Without further communications from Terminix or its attorney, Terminix filed the instant petition to quash and objections to the [Revised Subpoena].